IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LATNIE DELYN AARON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 14-1218-SLR |
| | ) |
| THE HONORABLE PETER G. CRUMMEY, et al, | ) ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background**. Petitioner filed the instant application for an emergency writ of habeas corpus, alleging that he has been unlawfully imprisoned in the Albany County Correctional Facility since August 19, 2014. (D.I. 1 at 2) He contends that "no criminal action has been commenced against [him] by the filing of a complaint, by a competent fact witness or witness alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance to try, convict, sentence []." *Id.* at 7. Petitioner asks the court to order his immediate discharge from prison, and appears to assert that this court has jurisdiction to grant his request because "no court or judge [] has exclusive jurisdiction to order petitioner released." *Id.* at 11, 14.

2. **Standard of Review**. Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

3. **Discussion.** Having reviewed the face of the instant application, the court concludes that summary dismissal is appropriate in this case. Contrary to petitioner's assertion, the court does not have jurisdiction over the instant proceeding because petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. See 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Accordingly, the instant case cannot proceed in this court.

4. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

5. **Conclusion.** For the above reasons, the court will summarily dismiss the instant habeas application for lack of jurisdiction. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: December 15, 2014

_____
UNITED STATES DISTRICT JUDGE